OPINION
{¶ 1} Michael Gaulding appeals from his conviction of two fourth-degree felony counts of trafficking in cocaine and one third-degree felony count of trafficking in cocaine in the vicinity of a juvenile. Gaulding agreed to a sentence of four years which the court imposed. *Page 2 
 {¶ 2} Gaulding's convictions resulted from controlled buys by undercover police or police informants. Police used four-hundred and twenty dollars ($420) to purchase the cocaine from Gaulding, so the court ordered Gaulding to make restitution to the Greene County Task Force in that amount.
 {¶ 3} In his first assignment of error, Gaulding contends the trial court erred in ordering him to pay the $420 in restitution. Appellant contends the trial court's restitution order must be set aside because there is nothing in the record to support the trial judge's assertion that he considered Gaulding's present and future ability to pay the financial sanction.
 {¶ 4} The State notes that we must review the assignment on a plain error basis since Gaulding did not object to the restitution order at the time it was imposed. The trial court did note that appellant was thirty years old and had completed high school. We agree with the State that the trial court did not plainly err in imposing the order of restitution. When Appellant is released from prison, he can be expected to pay the ordered restitution within a reasonable period of time. The amount of restitution is not substantial and the trial court's order is not unreasonable.
 {¶ 5} In his second assignment, Gaulding contends his plea was not entered knowingly, voluntarily and intelligently, in violation of his due process rights, because the trial court failed to inform him that he could face nine months in prison for each violation of post-release control condition as required by R.C. 2943.032(E). The State, for its part, argues that the trial court substantially complied with the requirements of the statute and Gaulding failed to show that he would not have otherwise entered the pleas but for the trial court's errors. R.C. 2943.032(E) provides that prior to accepting a guilty plea to a felony *Page 3 
charge the trial court shall inform the defendant personally that if the defendant pleads guilty to a felony and the court imposes a prison term upon the defendant, and if the offender violates the conditions of a post-release control action imposed by the parole board upon completion of the stated prison term, the parole board may impose a residential sanction upon the offender that includes a new term of up to nine months. That requirement compliments R.C. 2967.28(F)(3), which authorizes imposition of such nine-month terms, and further provides that the maximum cumulative term for all such terms "shall not exceed one-half of the stated prison term originally imposed."
 {¶ 6} The trial court informed Gaulding at the plea which immediately preceded the sentencing that he might be subject to post-release control upon his release from prison. The trial court informed Gaulding that if he violated the terms of his post-release control, he could be sent back to prison for half the original sentence of four years, i.e., two years. The court also informed Gaulding he could receive an additional three-year sentence if he committed a new felony while on post-release control which would be served consecutively to any sentence received for the new felony. (Tr. 9 and 10.) These admonitions given to the defendant by the court substantially comply with R.C. 2943.032(E).
 {¶ 7} Gaulding also contends his pleas should be set aside because he was incorrectly informed in his petition to enter his pleas of guilty that the maximum sentence he faced under the indictment was eight years when in fact he faced twenty-nine years. The State argues that the only requirement of Crim. R. 11 is to inform the defendant of the maximum sentence he faced as a result of his guilty pleas. The State notes he was properly informed that he faced a maximum of eight years for the three offenses to which he entered guilty pleas. We agree with the State. Crim. R. 11 (C)(2)(a) requires that the trial *Page 4 
court determine that the defendant is entering the guilty or no-contest plea voluntarily with an understanding of the nature of the charges and the maximum penalty involved (in the guilty or no-contest pleas). The trial court satisfied that obligation completely. The second assignment of error is Overruled.
 {¶ 8} In his third assignment, Gaulding contends he was denied the effective assistance of counsel because his counsel did not object to the order of restitution and because he allowed him to enter guilty pleas even though he was not informed he could face nine months in prison for violations of his post-release control.
 {¶ 9} Although we reviewed the court's restitution order on a plain error analysis in the first assignment, it is clear the order made by the court was not error at all, much less "plain." Secondly, Gaulding was not prejudiced by the court's telling him he faced a maximum two-year sentence for violating the conditions of his post-release control because that was an accurate admonition. Without prejudice, Gaulding's ineffective assistance claim must fail. The third assignment of error is Overruled.
 {¶ 10} The judgment of the trial court is Affirmed.
GRADY and FROELICH, JJ., concur. *Page 1